LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
A. SASHA FRID (State Bar No. 216800)
sfrid@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone:  (310) 552-4400
Facsimile:   (310) 552-8400

Attorneys for Defendants SHERVIN NEMAN, NEMAN FINANCIAL, LP and Relief Defendant Cassandra C. Neman

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>             Plaintiff,<br><br>v.<br><br>SHERVIN NEMAN and NEMAN FINANCIAL, INC.,<br><br>             Defendants.<br><br>CASSANDRA C. NEMAN,<br><br>             Relief Defendant. | **CASE NO. 2:12-cv-03142-MWF (PLAx)**<br><br>[Assigned to the Honorable Michael W. Fitzgerald, Ctrm. 1600, 16th Floor]<br><br>**DEFENDANTS' ANSWER TO COMPLAINT**<br><br>Action Filed:   April 11, 2012 |

Defendants Shervin Neman ("Neman"), Neman Financial, Inc. ("Neman Advisor"), and Relief Defendant Cassandra C. Neman ("Mrs. Neman") (collectively "Defendants") hereby answer the Complaint (the "Complaint") filed in this action by Plaintiff Securities and Exchange Commission ("Plaintiff" or "Commission"), as follows:

## JURISDICTION AND VENUE

1.   In response to Paragraph 1 of the Complaint, Defendants admit that Plaintiff has alleged jurisdiction under Sections 20(b), 20(d)(1) and 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77t(b), 77t(d)(1) & 77v(a), Sections 21(s)(1), 21(d)(3)(A), 21(e) and 27 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u(d)(1), 78u(d)(3)(A), 78u(e) & 78aa, and Sections 209 and 214 of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 209(d), 80b-14 15 U.S.C. § 80b-9(d). Defendants state that this is a legal conclusion which is not subject to denial or admission. As to the remaining averments of Paragraph 1, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein and, on that basis, denies, generally and specifically, every remaining averment contained therein.

2.   In response to Paragraph 2 of the Complaint, Defendants admit that Plaintiff has alleged that venue is proper under Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and Section 214 of the Advisers Act, 15 U.S.C. § 80b-214. Defendants state that this is a legal conclusion which is not subject to denial or admission. As to the remaining averments of Paragraph 2, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein and, on that basis, denies, generally and specifically, every remaining averment contained therein.

3.   In response to Paragraph 3 of the Complaint, Defendants admit that Defendant Neman is the sole owner and chief executive officer of Neman Advisor. Defendants further admit that Neman Advisor is a SEC registered investment advisor.

Defendants admit that Neman is the president and chief executive officer of Neman Financial, L.P ("Neman Fund"). As to the remaining averments of Paragraph 3, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein and, on that basis, denies, generally and specifically, every remaining averment contained therein.

4. In response to Paragraph 4 of the Complaint, Defendants admit that Neman Fund buys foreclosed residential properties and "flips" them to committed buyers at a profit. Defendants further admit that Neman issues promissory notes from Neman Fund to investors. Defendants further admit that Neman told investors and made investments in initial public offerings ("IPOs") of Facebook, General Motors, Groupon, LinkedIn and Angie's List. Defendants further admit that the investors entered into purchase agreements with Neman, the "General Partner." Except as so admitted, Defendants deny the allegations contained in Paragraph 4.

5. In response to Paragraph 5 of the Complaint, Defendants deny the allegations contained therein.

6. In response to Paragraph 6 of the Complaint, Defendants admit that Plaintiff has alleged that by this Complaint it seeks emergency relief against Defendants, including a temporary restraining order, as well as preliminary and permanent injunctions, disgorgement with prejudgment interest, and civil penalties. Defendants state that these are legal conclusions which are not subject to denial or admission. Except as so admitted, Defendants deny the allegations contained in Paragraph 6.

7. In response to Paragraph 7 of the Complaint, Defendants admit the allegations contained therein.

8. In response to Paragraph 8 of the Complaint, Defendants admit that Neman Adviser is a California corporation formed by Neman in June 2010, with its principal place of business in the Century City area of Los Angeles. Defendants further admit that Neman Adviser registered with the Commission as an investment

adviser under a 120-Day Registration Approval, which became effective on September 28, 2011. As to the remaining averments of Paragraph 8, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein and, on that basis, denies, generally and specifically, every remaining averment contained therein.

9. In response to Paragraph 9 of the Complaint, Defendants admit that Cassandra C. Neman resides with Neman in the Century City area of Los Angeles, California. Defendants admit that Neman and Cassandra Neman were married in October 2010. Except as so admitted, Defendants deny the allegations contained in Paragraph 9.

10. In response to Paragraph 10 of the Complaint, Defendants admit that Neman Fund is a California limited partnership formed by Neman in June 2010. Defendants further admit that Neman Fund is located at the same address as Neman Adviser. As to the remaining averments of Paragraph 10, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein and, on that basis, denies, generally and specifically, every remaining averment contained therein.

11. In response to Paragraph 11 of the Complaint, Defendants admit Neman solicited investors to invest in Neman Fund. Defendants further admit that one of the investments involved flipping foreclosed houses in California. Defendants further admit that investors received a promissory note from Neman Fund. Defendants further admit that Neman signs the promissory note as Neman Fund's president and chief executive. As to the remaining averments of Paragraph 11, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein and, on that basis, denies, generally and specifically, every remaining averment contained therein.

12. In response to Paragraph 12 of the Complaint, Defendants admit that Neman invested funds to purchase shares of Facebook and other issuers. Defendants

further admit that investors entered into an agreement with Neman, the "General Partner." As to the remaining averments of Paragraph 12, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein and, on that basis, denies, generally and specifically, every remaining averment contained therein.

13. In response to Paragraph 13 of the Complaint, Defendants admit that Neman invested in IPO shares of issuers such as GM and other issuers. Defendants further admit that investors who participated in Neman Fund's acquisition of IPO shares usually entered into an IPO purchase agreement with Neman, the "General Partner." As to the remaining averments of Paragraph 13, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein and, on that basis, denies, generally and specifically, every remaining averment contained therein.

14. In response to Paragraph 14 of the Complaint, Defendants admit that Neman directed some investors to wire funds to an account held in Neman's name. Defendants further admit that Neman deposited investor funds into an account under his name. As to the remaining averments of Paragraph 14, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein and, on that basis, denies, generally and specifically, every remaining averment contained therein.

15. In response to Paragraph 15 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein and, on that basis, denies, generally and specifically, every remaining averment contained therein.

16. In response to Paragraph 16 of the Complaint, Defendants admit that Neman made a $66,000 investment in General Motors' IPO in November 2010. As to the remaining averments of Paragraph 16, Defendants deny the allegations contained in Paragraph 16.

17. In response to Paragraph 17 of the Complaint, Defendants deny the allegations contained therein.

18. In response to Paragraph 18 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein and, on that basis, denies, generally and specifically, every remaining averment contained therein.

19. In response to Paragraph 19 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein and, on that basis, denies, generally and specifically, every remaining averment contained therein.

20. In response to Paragraph 20 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein and, on that basis, denies, generally and specifically, every remaining averment contained therein.

21. In response to Paragraph 21 of the Complaint, Defendants state that this is a legal conclusion which is not subject to denial or admission.

22. In response to Paragraph 22 of the Complaint, Defendants deny the allegations contained therein.

23. In response to Paragraph 23 of the Complaint, Defendants deny the allegations contained therein.

24. In response to Paragraph 24 of the Complaint, Defendants state that this is a legal conclusion which is not subject to denial or admission. To the extent a response is required, Defendants deny the allegations contained therein.

25. In response to Paragraph 25 of the Complaint, Defendants state that this is a legal conclusion which is not subject to denial or admission.

26. In response to Paragraph 26 of the Complaint, Defendants deny the allegations contained therein.

27. In response to Paragraph 27 of the Complaint, Defendants deny the

allegations contained therein.

28. In response to Paragraph 28 of the Complaint, Defendants state that this is a legal conclusion which is not subject to denial or admission. To the extent a response is required, Defendants deny the allegations contained therein.

29. In response to Paragraph 29 of the Complaint, Defendants state that this is a legal conclusion which is not subject to denial or admission.

30. In response to Paragraph 30 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein and, on that basis, denies, generally and specifically, every remaining averment contained therein.

31. In response to Paragraph 31 of the Complaint, Defendants deny the allegations contained therein.

32. In response to Paragraph 32 of the Complaint, Defendants state that this is a legal conclusion which is not subject to denial or admission. To the extent a response is required, Defendants deny the allegations contained therein.

33. In response to Paragraph 33 of the Complaint, Defendants state that this is a legal conclusion which is not subject to denial or admission.

34. In response to Paragraph 34 of the Complaint, Defendants deny the allegations contained therein.

35. In response to Paragraph 35 of the Complaint, Defendants deny the allegations contained therein.

36. In response to Paragraph 36 of the Complaint, Defendants state that this is a legal conclusion which is not subject to denial or admission. To the extent a response is required, Defendants deny the allegations contained therein.

37. In response to Paragraph 37 of the Complaint, Defendants state that this is a legal conclusion which is not subject to denial or admission.

38. In response to Paragraph 38 of the Complaint, Defendants deny the allegations contained therein.

39. In response to Paragraph 39 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein and, on that basis, denies, generally and specifically, every remaining averment contained therein.

40. In response to Paragraph 40 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein and, on that basis, denies, generally and specifically, every remaining averment contained therein.

41. In response to Paragraph 41 of the Complaint, Defendants state that this is a legal conclusion which is not subject to denial or admission. To the extent a response is required, Defendants deny the allegations contained therein.

42. In response to Paragraph 42 of the Complaint, Defendants state that this is a legal conclusion which is not subject to denial or admission.

43. In response to Paragraph 43 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein and, on that basis, denies, generally and specifically, every remaining averment contained therein.

44. In response to Paragraph 44 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein and, on that basis, denies, generally and specifically, every remaining averment contained therein.

45. In response to Paragraph 45 of the Complaint, Defendants state that this is a legal conclusion which is not subject to denial or admission. To the extent a response is required, Defendants deny the allegations contained therein.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

### **(No Causation)**

1. If any investor suffered any loss, damage, or injury, which is expressly

denied, such loss, damage, or injury was not caused either legally or proximately by any act or omission of Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Consent)

2. Defendants allege that the acts complained of in the Complaint were entered into with consent by any and all investors, thereby barring any recovery herein.

## THIRD AFFIRMATIVE DEFENSE

### (No Misrepresentation)

3. Defendants allege that they did not make any misrepresentations to investors regarding any investment or other activity as referred to in the Complaint, and as such, Defendants did not commit fraud against any investor as alleged in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Intent)

4. Defendants did not engage in any conduct that amounts to malice, oppressions, or fraud.

## RIGHT TO ASSERT ADDITIONAL DEFENSES

5. Defendants reserve the right to assert additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that:

1. Plaintiff take nothing by their Complaint; and

2. Plaintiff's Complaint be dismissed in its entirety with prejudice.

DATED: July 3, 2012                    Respectfully submitted,

                                       MILLER BARONDESS, LLP


                                       By: /s/ A. Sasha Frid
                                           A. SASHA FRID
                                           Attorneys for Defendants
                                           SHERVIN NEMAN and NEMAN
                                           FINANCIAL, LP and Relief Defendant
                                           CASSANDRA C. NEMAN


## DEMAND FOR JURY TRIAL

Defendants requests trial by jury on all claims triable to a jury.

DATED: July 3, 2012                    Respectfully submitted,

                                       MILLER BARONDESS, LLP


                                       By: /s/ A. Sasha Frid
                                           A. SASHA FRID
                                           Attorneys for Defendants
                                           SHERVIN NEMAN and NEMAN
                                           FINANCIAL, LP and Relief Defendant
                                           CASSANDRA C. NEMAN

DEFENDANTS' ANSWER TO COMPLAINT

124230.1