KAREN MATTESON Cal. Bar No. 102103
Email:  mattesonk@sec.gov
J. CINDY ESON, Cal. Bar No. 219782
Email: esonjc@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Lorraine B. Echavarria, Associate Regional Director
John W. Berry, Regional Trial Counsel
444 South Flower Street, Suite 900
Los Angeles, California 90071
Telephone:   (323) 965-3998
Facsimile:   (213) 443-1904

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>             Plaintiff,<br><br>        vs.<br><br>SHERVIN NEMAN and NEMAN FINANCIAL, INC.,<br><br>             Defendants,<br><br>CASSANDRA C. NEMAN,<br><br>             Relief Defendant. | Case No. CV12-03142 BRO (PLAx)<br><br>**FINAL JUDGMENT OF DISGORGEMENT AS TO RELIEF DEFENDANT CASSANDRA C. NEMAN** |

The Securities and Exchange Commission having filed a Complaint and Relief Defendant Cassandra C. Neman ("C. Neman" or "Relief Defendant") having entered a general appearance; consented to the Court's jurisdiction over Relief Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph III ; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

# I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief Defendant is liable for disgorgement of $88,525, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $7,110.29, for a total of $95,635.29.  Relief Defendant shall satisfy this obligation as follows:

A.     Payment of $69,800 of this amount shall be deemed satisfied by Relief Defendant's voluntary forfeiture to the Federal Bureau of Investigation within five days of entry of this Final Judgment of:

1.     A diamond engagement ring purchased for $60,000 on or about July 24, 2010;

2.     A wedding band purchased for $3,500 on or before October 10, 2010;

3.     A pair of earrings purchased for $4,000 on or about October 20, 2011;

4.     A man's Bulgari watch purchased for $2,300 on or about October 8, 2011.

Relief Defendant shall execute all documents required by the FBI to complete the forfeiture, including its Consent to Forfeiture and Waiver of Timely Notice form. Should Relief Defendant fail to forfeit any of these items, including by failing to complete any required forms or by failing to provide any information required by the FBI to effect the forfeiture, or should the FBI decline to accept any of the items, Relief Defendant shall be liable for the dollar value of any unforfeited items, and shall disgorge that dollar amount together with the other cash amounts owed in disgorgement pursuant to paragraph I.B. below.

B.     Relief Defendant shall satisfy her obligation to pay the remaining $25,825.39 in disgorgement and prejudgment interest, and any other amount owed pursuant to paragraph I.A., by paying that remaining total amount within one year of entry of this Final Judgment.  Relief Defendant shall pay the remaining disgorgement and prejudgment interest by certified check, bank cashier's check, or United States postal money order payable to the Clerk of the Court, which payment shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Cassandra C. Neman as a relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.  Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  Pursuant to Local Rule 67-1, the Clerk shall deposit the funds into an interest bearing account.  These funds shall be held in the interest bearing account until further order of the Court.  In accordance with Local Rule 67-2, the Clerk is authorized and directed, without further order of this Court, to deduct from the income earned on the funds a registry fee not to exceed the amount prescribed by the Judicial Conference of the United States.  The Commission may propose a plan to distribute the funds subject to the Court's approval.  Relief Defendant shall pay postjudgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961, which postjudgment interest shall begin to accrue 14 days after the entry of this Final Judgment.  By making this payment, Relief Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendant.  Prior to making the final payment set forth herein, C. Neman shall contact counsel for the Commission for the amount due for the final payment.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Relief Defendant shall comply with all of the undertakings and agreements set forth therein.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Relief Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Relief Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the freeze on all funds and assets provided for in paragraphs IX and X of the Preliminary Injunction Against Shervin Neman And Neman Financial, Inc., And Orders: (1) Freezing Assets; (2) Prohibiting The Destruction Of Documents; (3) Granting Expedited Discovery; (4) Requiring Accountings; And (5) Requiring Shervin Neman To Surrender His Passport, entered April 18, 2012 (Dkt. No. 17), shall remain in full force and effect, except as to any income or assets earned, acquired or received by Relief Defendant C. Neman after the date of entry of this Final Judgment.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms

4

1   of this Final Judgment.

2                                          **VI.**

3           There being no just reason for delay, pursuant to Rule 54(b) of the Federal

4   Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment

5   forthwith and without further notice.

6   **IT IS SO ORDERED.**

7   Dated:  December 15, 2014

8                           _____

9                           HONORABLE BEVERLY REID O'CONNELL
                            UNITED STATES DISTRICT COURT JUDGE