# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. CV12-03142 BRO (PLAx) |
| Plaintiff, | **FINAL JUDGMENT OF PERMANENT INJUNCTION AGAINST DEFENDANTS SHERVIN NEMAN AND NEMAN FINANCIAL, INC.** |
| vs. | |
| SHERVIN NEMAN and NEMAN FINANCIAL, INC., | |
| Defendants, | |
| CASSANDRA C. NEMAN, | |
| Relief Defendant. | |

The Court, having granted Plaintiff Securities and Exchange Commission ("SEC") summary judgment against Defendant Shervin Neman on each of its Claims for Relief, and having granted Plaintiff SEC's motion for entry of final judgment by default against Defendant Neman Financial, Inc. on each of its Claims for Relief, now issues this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Shervin Neman and Neman Financial, Inc. ("Defendants") and Defendants' officers agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud (15 U.S.C. § 77q(a)(1));

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading (15 U.S.C. § 77q(a)(2)); or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser (15 U.S.C. § 77q(a)(3)).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined

from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

  (a) to employ any device, scheme, or artifice to defraud (17 C.F.R. § 240.10b-5(a));

  (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading (17 C.F.R. § 240.10b-5(b)); or

  (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person (17 C.F.R. § 240.10b-5(c)).

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 206(1), (2) and (4) of the Investment Advisers Act ("Advisers Act"), 15 U.S.C. §§ 80b-6(1), 80b-6(2) & 80b-6(4), and Rule 206(4)-8(a)(1) thereunder, 17 C.F.R. § 275. 206(4)-8(a)(1), by, while acting as an investment adviser, using the mails or any means or instrumentality of interstate commerce, directly or indirectly:

  (a) to employ any device, scheme, or artifice to defraud any client or prospective client (15 U.S.C. § 80b-6(1));

  (b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client (15

U.S.C. § 80b-6(2)); or

(c) to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative, including:

(i) making any untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or

(ii) otherwise engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle.

(15 U.S.C. § 80b-6(4) and 17 C.F.R. § 275.206(4)-8(a)(1)).

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 204(a) of the Advisers Act, 15 U.S.C. § 80b-4(a), and Rule 204-2 thereunder, 17 C.F.R. § 275.204-2, by, while acting as an investment adviser, using the mails or any means or instrumentality of interstate commerce in connection with his or its business as an investment adviser, failing to make and keep for prescribed periods such records, furnish such copies thereof to the SEC and its examiners and other staff, and make and disseminate such reports as the SEC may prescribe by rule, including those described in Rule 204-2.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final

Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 203A of the Advisers Act, 15 U.S.C. § 80b-3a, by registering with the SEC, rather than the appropriate State, as an investment adviser, without meeting the requirements for registration with the SEC, including having the required minimum dollar amount of assets under management.

### VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment, and for purposes of determining additional relief in this action.

### VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

IT IS SO ORDERED.

DATED: November 16, 2016

By: _____
Honorable Beverly R. O'Connell
United States District Court Judge